An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1055

Filed 5 August 2026

Guilford County, No. 20CR077356-400

STATE OF NORTH CAROLINA

v.

CHARLES RICHARDSON

Appeal by defendant by writ of certiorari from order entered 16 April 2025 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Dylan Sugar, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katy Dickinson-Schultz, for defendant-appellant.*

ZACHARY, Judge.

Defendant Charles Richardson filed a petition for writ of certiorari with this Court, seeking review of the trial court's order denying his pro se motion for post-conviction DNA testing. After careful review, we deny Defendant's petition for writ of certiorari and dismiss his appeal.

A Guilford County grand jury indicted Defendant for first-degree murder on 21 September 2020. On 7 September 2023, Defendant entered into a plea arrangement with the

State. In exchange for Defendant's plea of no contest, the State, *inter alia*, reduced the charge to second-degree murder and dismissed another pending charge. The trial court entered judgment against Defendant on 2 November 2023 sentencing him, in accordance with the plea agreement, to a term of 240–300 months' imprisonment in the custody of the North Carolina Department of Adult Correction.

Defendant filed a pro se petition requesting post-conviction DNA testing on 14 April 2025. On 16 April 2025, the trial court entered an order denying Defendant's motion. Defendant filed pro se notice of appeal from the court's order on 4 June 2025.

On 12 December 2025, Defendant's appellate counsel filed an *Anders* brief and a petition for writ of certiorari requesting this Court's review of the trial court's order. On 17 December 2025, the State filed its response to Defendant's petition.

In his petition for writ of certiorari, Defendant requests that we allow his petition because, *inter alia*, we have "specifically (and routinely) issued writs of certiorari and engaged in *Anders* review in post-conviction DNA cases where the defendants failed to file timely or effective notices of appeal." Nevertheless, in order for this Court to issue a writ of certiorari to review Defendant's *Anders* brief, Defendant must meet certain criteria. He fails to do so.

"Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Curtis*, 297 N.C. App. 826, 829, 911 S.E.2d 526, 529 (2025) (citation omitted). "Allowing a petition for writ of certiorari is an extraordinary measure. Accordingly, a petitioner must satisfy a two-part test before we will issue the writ." *Id.* (extraneity removed). "First, a writ of certiorari should issue only if the petitioner can show merit or that error was

probably committed below. Second, a writ of certiorari should issue only if there are extraordinary circumstances to justify it." *State v. Barton*, 295 N.C. App. 182, 186, 905 S.E.2d 230, 234 (2024) (extraneity removed). As our Supreme Court has recently explained, "[t]here is no fixed list of extraordinary circumstances that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or wide-reaching issues of justice and liberty at stake." *State v. Owens*, 299 N.C. App. 290, 294, 917 S.E.2d 505, 509 (2025) (extraneity removed) (quoting *Cryan v. Nat'l Council of YMCAs of U.S.*, 384 N.C. 569, 572, 887 S.E.2d 848, 851 (2023)).

A defendant's petition for writ of certiorari must show "extraordinary circumstances" because, "[i]f courts issued writs of certiorari solely on the showing of some error below, it would render meaningless the rules governing the time and manner of noticing appeals." *Cryan,* 384 N.C. at 572–73, 887 S.E.2d at 851 (extraneity removed). Here, Defendant's petition for writ of certiorari requests our review but fails to allege—much less demonstrate—the required 1) "merit or that error was probably committed below," and 2) "extraordinary circumstances." *Barton*, 295 N.C. App. at 186, 905 S.E.2d at 234 (citation omitted). Hence, there is no "good and sufficient cause shown," and thus, in our discretion, we deny Defendant's petition for writ of certiorari. *Curtis*, 297 N.C. App. at 829, 911 S.E.2d at 529 (citation omitted).

For the reasons stated herein, we deny Defendant's petition for writ of certiorari and dismiss his appeal.

DISMISSED.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).